E. A. FOGLE, EXR ET AL. v. BEN F. VIOLET.

Land—Decretal Sale—Bond for Purchase Price—Reasonable Time to Perfect
Title—Resale—Difference in Price.

　　The purchaser of land at decretal sale will be required to execute
bond for purchase money, if he can get a good title at the time of the
sale or in a reasonable time thereafter, and in case of his failing to do
so, the land may be resold and if it does not then sell for as much as
he bid for it, he would be responsible for the difference. .

Wills—Distinction—Proof of Contents.

　　Where a will has been destroyed by the burning of the clerk's
office its contents must be satisfactorily established by competent evi-
dence.

APPEAL FROM MARION CIRCUIT COURT.

November 23, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

If appellants were in a condition to make appellee a good legal
title to the land at the time of his purchase, or when the sale was
reported to the court, or could, within a reasonable time thereafter,
have procured such title to be made to him, he should unquestion-
ably have been required to execute his bond for the purchase
money, and in case of his failure and refusal to do so, a re-sale of
the land should have been ordered, and if it did not then sell for
as much as he bid for it, he would have been responsible for the
difference between his bid and the price it brought at the second
sale.

Whether, then, appellants have manifested an ability to make
appellee such a title as he should be required to accept, must be
first determined.

It may be assumed, as proved, that William Walston, at the time
of his death, had the legal title to the land, and appellants contend
that he disposed of it by his last will, directing it to be sold by his
executors, and the proceeds to be divided amongst his five children.

Neither the will nor a copy was introduced on the trial, and the
reason assigned for this failure is that the original was destroyed
when the County Court Clerk's office of Marion County was
burned; the burning of the office is incontrovertibly established,
and the publication of a last will by William Walston, and the

probate thereof by the proper court, and the burning of the original paper when the office was consumed, are facts which the evidence conduces to establish; but the contents of the will are not satisfactorily shown. . Fogle proves the "will provided that there should be set apart to the widow one third, or dower in the land, and slaves, and the balance was to be sold." No other witness speaks of the contents of the instrument, and Joseph Walston, who was the draftsman of it, does not remember any of its provisions, except that Anthony and Albany Walston were named as the executors. Conceding that the executors had the power under the will to sell all the land, except the one third thereof, directed to be set apart for the widow of testator, and that by the sale to Ewing, and the sale and conveyance by Ewing and wife to Anthony Walston, he acquired the legal title to 110 acres of the tract, still as to the residue of sixty-two or three acres, there is no showing or pretense that, by his purchase, appellee got or could get a good title; it does not appear that the executors had the power under the will to sell the part set apart to the widow for dower, or that the reversionary interest therein passed by the will, and as to four-fifths of that part of the tract, it is not shown that Anthony had a legal or an available equitable title even.

As therefore appellants have not manifested an ability to invest appellee with a title to the land, either when the sale was reported or since, but as we have seen, were unable then to make him such title as he should be required to accept on account of the infancy of one of the title holders, and the lunacy of another, and took no steps to place themselves in a condition to procure a conveyance to be made, the sale to him should not have been enforced, and he cannot consequently be made responsible for the difference between the price he bid for the land and the price for which it sold at the subsequent sale.

Wherefore, the judgment is affirmed.

*Harrison, for appellants.*

*T. C. Woods, for appellee.*